IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| HALLAN WILMAR REYES ALVAREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:25-cv-2148 (LMB/LRV) |
| | ) | |
| JEFFREY CRAWFORD, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Hallan Wilmar Reyes Alvarez ("Reyes"), a native and citizen of El Salvador, has filed a four-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since November 2, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count I), his substantive and procedural due process rights (Counts II and III), and the Administrative Procedure Act (Count IV).

Reyes is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Reyes has also sued Joseph Simon, the Director of the ICE Washington Field Office; Kristi Noem, the DHS Secretary; and Pamela Bondi, the Attorney General (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that Reyes is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will

be granted as to Counts II and III, and respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Reyes "is a 43-year-old citizen of El Salvador who has resided continuously in the United States since his first and only entry in August of 2002 through Corpus Christi, Texas." [Dkt. No. 1] at ¶ 19. Reyes is the son of a U.S. lawful permanent resident and is the father of four U.S. citizen children, one of whom has been "diagnosed with leukemia and underwent chemotherapy treatment for nearly 3 years, having ended his treatment days before Mr. Reyes was apprehended by immigration." Id. ¶ 20. He has no criminal history or arrests anywhere in the world. Id. Reyes was apprehended "without a warrant for arrest during a routine traffic stop on November 2, 2025" and has since been detained at the Farmville Detention Center. Id. ¶ 24.

Reyes filed his Petition for Writ of Habeas Corpus on November 22, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 2] at 1. In response, the federal respondents filed a notice stating that "the factual and legal issues presented in the instant habeas petition do not differ in

---

[1] Because the Court is granting relief on due process grounds, it need not address Reyes's arguments based on the Immigration and Nationality Act or the Administrative Procedure Act.

any material fashion from those presented in <u>Ceba Cinta</u>" and requesting that this Court

"incorporate the filings in <u>Ceba Cinta</u> into the record of this habeas action." [Dkt. No. 4] at 1–2.

Finding that oral argument will not aid the decisional process, the Petition will be resolved on the

papers submitted.

II.

The central question posed in Reyes's Petition is whether he is subject to mandatory

detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond

hearing under § 1226(a). As the federal respondents argued in their <u>Ceba Cinta</u> opposition—

which has been incorporated into the record in this civil action—whether an individual is

detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained

after a lawful admission into the U.S. and those who are present without a lawful admission."

<u>Ceba Cinta v. Noem, et al.</u>, 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the

federal respondents, anyone in the United States who has not been admitted is subject to

mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply

only to those who have been given legal status and subsequently placed into removal

proceedings. <u>Id.</u> Therefore, they argue that because Reyes has not been admitted "as a legal

matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an

applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2).

<u>Id.</u>

This argument reflects DHS's novel interpretation of decades-old immigration detention

statutes which, as numerous district courts throughout the country have found,[2] is contrary to

---

[2] <u>See, e.g.</u>, <u>Gomes v. Hyde</u>, 2025 WL 1869299 (D. Mass. July 7, 2025); <u>Martinez v. Hyde</u>, 2025 WL 2084238 (D. Mass. July 24, 2025); <u>Lopez Benitez v. Francis</u>, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); <u>Maldonado v. Olson</u>, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); <u>Arrazola-</u>

3

DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction.  See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025).  This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), which the Government has not appealed, and maintains and incorporates that reasoning into this Order.  That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond.  Vargas Nunez v. Lyons, et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons, et al., 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon, et al., 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released on a $1,500 bond); Perez Bibiano v. Lyons, et al., 1:25-cv-1590-LMB-

---

Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

WEF, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem, et al., 1:25-cv-1634-LMB-WEF, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Melendez v. U.S. Immigr. & Customs Enf't, et al., 1:25-cv-1622-LMB-WBP, Dkt. No. 14 (E.D. Va. Oct. 28, 2025) (released on his own recognizance); Sanchez Saire v. Elliston, et al., 1:25-cv-1808-LMB-WBP, Dkt. No. 9 (E.D. Va. Nov. 4, 2024) (released on a $1,500 bond); Ortiz Martinez v. Noem, et al., 1:25-cv-1816-LMB-WEF, Dkt. No. 16 (E.D. Va. Nov. 4, 2025) (released on a $5,000 bond); Zelaya Arias v. Lyons, et al., 1:25-cv-1892-LMB-WBP, Dkt. No. 9 (E.D. Va. Nov. 19, 2025) (released on a $8,000 bond); Maya Torres v. Crawford, et al., 1:25-cv-1891-LMB-LRV, Dkt. No. 12 (E.D. Va. Nov. 17, 2025) (released on his own recognizance); Cabrera Gomez v. Noem, et al., 1:25-cv-1997-LMB-WEF, Dkt. No. 6 (E.D. Va. Nov. 26, 2025) (released on a $3,000 bond); Ceba Cinta v. Noem, et al., 1:25-cv-1818-LMB-WEF, Dkt. No. 13 (E.D. Va. Nov. 23, 2025) (released on a $1,500 bond); Rios Resendiz v. Lyons, et al., 1:25-cv-1872-LMB-WEF, Dkt. No. 16 (E.D. Va. Nov. 23, 2025) (released on a $8,000 bond). But see Funez Contreras v. Lyons, et al., 1:25-cv-1929-LMB-IDD, Dkt. No. 12 (E.D. Va. Nov. 22, 2025) (bond denied).

Reyes has been present in the United States since 2002. [Dkt. No. 1] at ¶ 19. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Reyes's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Reyes's continued detention is unlawful.

III.

For all the reasons stated above, Reyes's Petition [Dkt. No. 1] is GRANTED, and it is hereby

ORDERED that Reyes be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge.  Reyes must live at a fixed address which he must provide to the federal respondents.

ORDERED that respondents provide Reyes with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Reyes on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Reyes is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[3]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Reyes has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Reyes's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this /ˢᵀ day of December, 2025.

Alexandria, Virginia

_____ /s/
Leonie M. Brinkema
United States District Judge

---

[3] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.

6